Bradley A. Chapin (CA #232885)
bchapin@rutan.com
Michael J. Malakouti (CA #334849)
mmalakouti@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
(714) 641-5100

Steven D. Pearson (IL #6190506)
sdpearson@sgrlaw.com
Johnathon C. Koechley (IL #6327176)
jkoechley@sgrlaw.com
Elena M. Sucharetza (IL #6354055)
esucharetza@sgrlaw.com
*Pro hac vice applications forthcoming*
SMITH, GAMBRELL & RUSSELL LLP
155 N. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

*Attorneys for Plaintiffs,*
*JOHN JACOBI and*
*EDGEWOOD PARTNERS*
*INSURANCE CENTER*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JOHN JACOBI, an individual, and EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ACRISURE, LLC, a Michigan limited liability company; ACRISURE PROTECTION GROUP, LLC, a Michigan limited liability company; ACRISURE PARTNER GROUP, LLC, a Michigan limited liability company; and ACRISURE OF CALIFORNIA PARTNER GROUP, LLC, a Michigan limited liability company,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF<br><br>**1.** DECLARATORY AND INJUNCTIVE RELIEF UNDER THE DECLARATORY JUDGMENT ACT 28 U.S.C. §§ 2201, *ET SEQ.*<br>**2.** VIOLATION OF CALIFORNIA LABOR CODE § 925<br>**3.** VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 16600.5<br>**4.** VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*<br><br>JURY TRIAL DEMANDED |

1

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

Plaintiffs, JOHN JACOBI and EDGEWOOD PARTNERS INSURANCE CENTER, hereby complain against Defendants, ACRISURE, LLC, ACRISURE PROTECTION GROUP, LLC, ACRISURE PARTNER GROUP, LLC, and ACRISURE OF CALIFORNIA PARTNER GROUP, LLC (collectively, "Acrisure"), as follows:

<u>NATURE OF THE CASE</u>

1.      This case involves Acrisure's carefully-engineered attempt to circumvent California's long-standing, fundamental public policy favoring open competition and employee mobility.  Recent amendments to California Labor Code § 925 and California Business and Professions Code § 16600 are just the latest developments in a long-running game of Whac-a-Mole in which the State of California, which first codified its public policy of voiding contracts in restraint of trade in 1872, is forced to address new methods developed by employers like Acrisure, to prevent employee mobility and avoid open competition in contravention of California public policy.

2.      Acrisure is a billion-dollar fintech and insurance brokerage headquartered in Grand Rapids, Michigan, whose business model is predicated on acquiring small, family-owned insurance brokerages.  It is through its byzantine acquisition process that Acrisure then has its new employees enter into agreements that contain unlawful restraints of trade.

3.      As Acrisure proudly boasts on its own website, Acrisure "has $5 billion in annual revenue, has delivered a 45% compound growth rate since 2013, and in the Insurance Brokerage category, grew faster than any Broker in the world for eight straight years . . . [t]hrough approximately 1,000 acquisitions."  *See* Acrisure's Leadership Team, *https://www.acrisure.com/about-acrisure/leadership*.

4.      On or about November 18, 2019, Mr. Jacobi became the target of Acrisure's scheme to circumvent California law when Mr. Jacobi's then-employer, SWDS Holdings, Inc., was acquired by Acrisure, LLC (the "Acquisition") through

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

a Stock Purchase Agreement dated November 18, 2019 ("Purchase Agreement"). Relevant non-confidential portions of the Purchase Agreement are attached hereto as Exhibit 1. Prior to the Acquisition, Mr. Jacobi had been awarded grants of restricted shares of common stock in SWDS Holdings, Inc. These restricted shares of common stock in SWDS Holdings, Inc. (a 0.9925% interest in SWDS Holdings, Inc.) fully vested and were transferred to Acrisure at closing of the Acquisition.

5. Nearly seven years later, however, long after the three-year post-closing restrictive covenants contained in the Purchase Agreement expired, and long after Acrisure has fully recouped, multiple times over, the goodwill it bargained for in the Acquisition, Plaintiffs reasonably believe and expect Acrisure will seek to significantly and materially impede Mr. Jacobi's lawful profession, trade, or business through enforcement of unlawful provisions of an Employment Agreement effective November 1, 2019 ("Employment Agreement"). A copy of the Employment Agreement is attached hereto as Exhibit 2. The Purchase Agreement, together with the Employment Agreement and any other ancillary agreement(s) containing same or similar choice of law, venue selection, non-competition, or non-solicitation provisions utilized by Acrisure, are hereinafter referred to as the "Agreements."

6. On or about June 2, 2023, SWDS Holdings, Inc. merged with Acrisure Protection Group, LLC and Mr. Jacobi's Employment Agreement was assigned thereto. *See* Press Release, Acrisure, *"Acrisure Protection Group" to Provide Clients with Auto Industry Expertise & Services* (June 2, 2023), *https://www.acrisure.com/news/acrisure-protection-group-to-provide-clients-with-auto-industry-expertise-and-services*.

7. Despite being specifically prohibited by statute, Acrisure has informed Mr. Jacobi that it intends to enforce the broad "Non-Solicitation" provision of his Employment Agreement.

8. Pursuant to California Business and Professions Code § 16600.1(b),

3

employers in California were obligated to notify their employees by February 14, 2024, "in the form of a written individualized communication," that the noncompete clause in their employment agreements were void.

9.      On February 12, 2024, Acrisure notified Mr. Jacobi that "if your current Employment Agreement has a non-competition and/or non-solicitation of customers provision, that language no longer applies and Acrisure will not enforce it;" *however*, Acrisure, in the same letter, advised Mr. Jacobi that the "*Employment Agreement[] remain the same*" for those employees who had an ownership interest in a company that was sold to Acrisure.  A copy of Acrisure's February 12, 2024 notification is attached hereto as Exhibit 3.

10.     Acrisure's February 12, 2024 notification also informed Mr. Jacobi that his Employment Agreement was being assigned to one of two new entities, Acrisure Partner Group, LLC or Acrisure of California Partner Group, LLC, but did not specify which specific entity applied to Mr. Jacobi's Employment Agreement.

11.     Over the last 90 days, Acrisure has made clear in other litigation filed in both California and Michigan of its intent to enforce these illegal contract provisions against its former employees who live and work in California.  *See Acrisure of California, LLC, et al. v. Thomas, et al.*, Case No. 30-2026-01561877-CU-OE-CXC (Orange Co. Sup. Ct.) (filed April 9, 2026); *Acrisure of California, LLC v. Papazyan*, Case No. 1:26-cv-01213-JMB-PJG (W.D. Mich.) (filed April 14, 2026); *Acrisure of California, LLC v. Plotzker*, Case No. 1:26-cv-01227 (W.D. Mich.) (filed April 15, 2026); *Acrisure of California, LLC, et al. v. Cifani, et al.*, Case No. 8:26-cv-01083 (W.D. Mich.) (filed May 5, 2026); *Howden US Services, LLC, et al. v. Acrisure of California, LLC*, Case No. 30-2026-01568888-CU-OE-CJC (Orange Co. Sup. Ct.) (filed May 7, 2026); *Acrisure of California, LLC, et al. v. Devone*, Case No. 1:26-cv-01502  (W.D. Mich.) (filed May 7, 2026); *Devone v. Acrisure of California, LLC, et al.*, Case No. 30-2026-01569170-CU-BT-CJC (Orange Co. Sup. Ct.) (filed May 7, 2026); *Acrisure of California, LLC, v. Freska*,

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

Case No. 1:26-cv-01699 (W.D. Mich.) (filed May 27, 2026); *Freska v. Acrisure of California, LLC, et al.*, Case No. 30-2026-01574898-CU-BT-CJC (Orange Co. Sup. Ct.) (filed May 29, 2026).

12.     On June 23, 2026, Mr. Jacobi delivered his resignation to Acrisure. Contemporaneously, through counsel, Mr. Jacobi informed Acrisure of his election under California Labor Code § 925(b) to void all offending provisions of the Agreements, including the "Applicable Law; Venue" provision in Section 17(d) and the "Non-Solicitation" provisions in Section 12(b) of Mr. Jacobi's Employment Agreement.

13.     Based on Acrisure's February 12, 2024 notification to Mr. Jacobi and Acrisure's well-documented pattern of litigation activity, Mr. Jacobi's June 23, 2026 letter sent pursuant to California Labor Code § 925(b) requested Acrisure to confirm in writing by the close of business on June 23, 2026 that all offending provisions of the Agreements were void and that Acrisure had no intent to enforce the offending provisions against Mr. Jacobi.

14.     Based on Acrisure's February 12, 2024 notification and Acrisure's well-documented pattern of litigation activity, as well as Mr. Jacobi's rights pursuant to California Labor Code § 925 and California Business and Professions Code § 16600, this action for declaratory and injunctive relief is necessary to prevent and enjoin Acrisure from enforcing the void provisions of Mr. Jacobi's Employment Agreement, and to award Plaintiffs damages for harm that he has suffered as a result of Acrisure's conduct.

15.     Plaintiffs therefore seek a judicial declaration and judgment that these provisions of the Employment Agreement are unlawful and void under California law, compensatory damages, and an award of reasonable attorney's fees for enforcing his rights pursuant to California Labor Code § 925(c) and California Business and Professions Code § 16600.5(e).

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

PARTIES

16.	Plaintiff John Jacobi is a citizen of the State of California and resides in Newport Beach, California.  At all relevant times, Mr. Jacobi has resided in Newport Beach, California and worked for Acrisure in Newport Beach, California. Mr. Jacobi has accepted a new position at Edgewood Partners Insurance Center in Newport Beach, California.

17.	Plaintiff Edgewood Partners Insurance Center ("EPIC") is a California corporation with a principal place of business in New York, New York.

18.	Defendant Acrisure, LLC is a Michigan limited liability company and acquired SWDS Holdings, Inc. in the Acquisition. Upon information and belief, Acrisure, LLC's sole member is Acrisure Intermediate, Inc.  Acrisure Intermediate, Inc. is a Delaware corporation with its principal place of business at 100 Ottawa Avenue SW, Grand Rapids, Michigan.  Acrisure, LLC is therefore a citizen of Delaware and Michigan.

19.	Defendant Acrisure Protection Group, LLC is a Michigan limited liability company and, upon information and belief, an assignee of Mr. Jacobi's Employment Agreement.  Upon information and belief, Acrisure Protection Group, LLC's sole member is Acrisure, LLC.  Acrisure Partner Group, LLC is therefore a citizen of Delaware and Michigan.

20.	Defendant Acrisure Partner Group, LLC is a Michigan limited liability company and, upon information and belief, an assignee of Mr. Jacobi's Employment Agreement.  Upon information and belief, Acrisure Partner Group, LLC's sole member is Acrisure, LLC.  Acrisure Partner Group, LLC is therefore a citizen of Delaware and Michigan.

21.	Defendant Acrisure of California Partner Group, LLC is a Michigan limited liability company and, upon information and belief, an assignee of Mr. Jacobi's Employment Agreement.  Upon information and belief, Acrisure of California Partner Group, LLC's sole member is AP Group Holdco II, LLC.  AP

6

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

Group Holdco II, LLC is a Michigan limited liability company, and, upon information and belief, its sole member is AP Group Holdco I, LLC. AP Group Holdco I, LLC is a Michigan limited liability company, and, upon information and belief, its sole member is Acrisure, LLC. Acrisure of California Partner Group, LLC is therefore a citizen of Delaware and Michigan.

JURISDICTION AND VENUE

22. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs are citizens of California and New York. Defendants are citizens of Michigan and Delaware. Mr. Jacobi's attorneys' fees, which are recoverable under California Labor Code § 925 and California Business and Professions Code § 16600.5, would exceed $75,000 if Acrisure were to enforce the Agreements as threatened. The damages as a result of Acrisure's conduct, which is designed to interfere with Mr. Jacobi's provision of services to automotive dealerships and to disrupt EPIC's business, will exceed $1 million if Acrisure is successful in its unlawful efforts to prevent lawful competition.

23. Acrisure is subject to personal jurisdiction in this judicial district because Mr. Jacobi worked for Acrisure as Senior Vice President of Dealer Protection Group with responsibility for the sale of Acrisure products to accounts located in and around Orange County, California.

24. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as it is where Mr. Jacobi was presented with and signed his Agreements with Acrisure, where he worked for Acrisure, and where he will work for EPIC, and therefore where a substantial part of the events giving rise to the claims alleged in this complaint occurred.

25. This action arises from events that occurred in Orange County, California. Throughout his employment with Acrisure, Mr. Jacobi resided in

7

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

Newport Beach, California and worked in Newport Beach, California, both of which are located in Orange County.  Thus, this action is properly assigned to this Court's Southern Division.

### Void Choice of Law and Forum Selection Provisions

26.    For more than 40 years, employers have been attempting to use creative employee compensation packages as a means of circumventing California's strong public policy prohibiting contracts in restraint of trade.  *See, e.g., Bosley Medical Group v. Abramson*, 161 Cal.App.3d 284 (1984) (finding "stock purchase agreement is a sham devised to circumvent our state policy against agreements which prevent the practice of a business or profession.").

27.    One method for avoiding California's strong public policy against contracts in restraint of trade, which has been favored by out-of-state employers, such as Acrisure, is to force employees to agree, as a condition of employment, to aggressive out-bound choice of law and forum selection provisions.

28.    In 2016, the California legislature sought to foreclose this loophole by passing and enacting Section 925 of the California Labor Code.  Section 925 expressly prohibits employers from requiring employees that "primarily reside and work in California" to agree to provisions in contracts as a condition of employment that would (a) "require the employee to adjudicate outside of California a claim arising in California;" or (b) "deprive the employee of the substantive protection of California law with respect to a controversy arising in California."  Cal. Labor Code § 925(a).  Any contract provision that violates Section 925 "is voidable by the employee," and, if voided, "the matter shall be adjudicated in California and California law shall govern the dispute." *Id.* § 925(b).

29.    Mr. Jacobi primarily resides and works in California, and yet, Mr. Jacobi's Employment Agreement contains out-bound choice of law and venue selection provisions in violation of Section 925 of the California Labor Code that Mr. Jacobi was required to expressly agree to as a condition of, and in consideration

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

for, *inter alia*, "employment or continued employment[.]" (Ex. 2, p. 1).  Indeed, the Employment Agreement expressly states that "[Acrisure] require[d] execution of this [Employment] Agreement as a condition of becoming or remaining an employee," (*id.*, § 15), and that the "[Employment] Agreement represent[ed] the entire Agreement between the parties regarding the terms and conditions of [Mr. Jacobi]'s employment by [Acrisure]."  (*Id.*, § 17(f)).

30.    At no time in connection with either the Acrisure transaction to acquire his then-employer, SWDS Holdings, Inc., or with regard to his Employment Agreement itself, was Mr. Jacobi "in fact individually represented by legal counsel" in negotiating the terms of his Employment Agreement, let alone in negotiating the specific terms designating either the venue in which to adjudicate a controversy between the parties or the choice of law to be applied.

3l.    Bryan Cave Leighton Paisner, LLP, retained by Sellers Representative Vernon Leake, did not individually represent Mr. Jacobi, but instead collectively represented all sellers with interests in SWDS Holdings, Inc.

32.    No counsel acting on Mr. Jacobi's individual behalf negotiated the terms of the "Applicable Law; Venue" provision in Section 17(d) of Mr. Jacobi's Employment Agreement.

33.    Mr. Jacobi has informed Acrisure of his intent to void the out-bound choice of law and venue selection provisions in the Agreements on June 23, 2026 and has requested Acrisure's acknowledgment by close of business of the same day that his Employment Agreement is void under California Labor Code § 925 and Business and Professions Code § 16600.

34.    Section 17(d) of the Employment Agreement, titled, "Applicable Law; Venue," deprives Mr. Jacobi of the protections of California substantive law by requiring the Employment Agreement "be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

State of Michigan or any other jurisdiction) that would cause application of the laws of any jurisdiction other than the State of Michigan."

35.   Section 17(d) of the Employment Agreement further requires that "[a]ll actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief from" be brought exclusively in Michigan.

36.   Section 17(d) of Mr. Jacobi's Employment Agreement provides:

> d.   <u>Applicable Law; Venue</u>. The terms and conditions of this Agreement shall be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause application of the laws of any jurisdiction other than the State of Michigan. Any controversy or claim arising out of or related to this Agreement (other than claims involving injunctive or equitable relief) shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Any such controversy or claim shall be arbitrated on an individual basis and shall not be consolidated in any arbitration with any claim or controversy of any other party. Any arbitration shall be conducted in Grand Rapids, Michigan. In the event of arbitration, the non-prevailing party shall bear all related costs, including the prevailing party's reasonable attorneys' fees. The parties agree that any court of competent jurisdiction may render judgment on or enforce any arbitration award. Neither party may receive any interim or preliminary relief, unless necessary to protect its rights or property pending the completion of arbitration, in a court of competent jurisdiction. All actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief from be brought only in a state court of competent subject matter jurisdiction in Kent County, Michigan, or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan. Each party expressly and irrevocably consents to personal jurisdiction and venue in such courts, and agrees not [to] object to such jurisdiction or venue on the ground of forum non conveniens or otherwise.

(Ex. 2, § 17(d).)

37.   Mr. Jacobi was not in fact individually represented by legal counsel in negotiating the application of Michigan law or the terms designating Michigan as the venue and forum for adjudicating controversies arising out of the Employment

Agreement, nor were the terms of Section 17(d) in fact negotiated.

38.    Should Acrisure seek to rely on provisions of the Purchase Agreement to avoid the application of California law to the Employment Agreement, Section 10.15 of the Purchase Agreement is similarly voidable as it would deprive Mr. Jacobi of the protections of California substantive law by requiring application of Delaware law "without giving effect to any choice of law or conflict of law provision or rule (whether of the state of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the state of Delaware."  The Purchase Agreement further contains a one-way arbitration clause which purports to require Mr. Jacobi to arbitrate "[a]ll actions or proceedings arising from or related to this Agreement" exclusively in Michigan, while simultaneously entitling Acrisure to seek "legal and equitable relief in court" in which Acrisure is "entitled to seek court action to obtain payment of Losses" related to any purported breach of the restrictive covenants contained therein.

39.    Section 10.15 of the Purchase Agreement provides, in pertinent part:

> 10.15  Governing Law; Dispute Resolution.  The terms and conditions of this Agreement shall be governed, construed, interpreted and enforced in accordance with the domestic laws of the state of Delaware, without giving effect to any choice of law or conflict of law provision or rule (whether of the state of Delaware or any other Jurisdiction) that would cause the application of the laws of any jurisdiction other than the state of Delaware.  Any controversy or claim arising out of or relating to this Agreement . . . shall be settled by binding arbitration . . . conducted in Grand Rapids, Michigan.

(Ex. 1, § 10.15.)

40.    Section 6.4(c)(ii) of the Purchase Agreement provides, in pertinent part:

> (ii)    [Acrisure] shall be entitled to legal and equitable relief in court if [Mr. Jacobi] breaches any Restrictive Covenant. [Acrisure] shall be entitled to seek court action to obtain payment of Losses, to specifically enforce the terms of the Restrictive Covenants, and to obtain a temporary or permanent injunction in an action in equity without the necessity of proving actual damages.

(Ex. 1, § 6.4(c)(ii).)

11

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

41. Mr. Jacobi was not in fact individually represented by legal counsel in negotiating the application of Delaware law or the terms designating Michigan as the venue and forum for adjudicating controversies arising out of the Purchase Agreement.

42. These choice of law and venue selection provisions in the Agreements therefore deprive Mr. Jacobi of the substantive protection of California law (including, specifically, California Business and Professions Code § 16600) and require that Mr. Jacobi adjudicate outside of California claims arising in California.

43. Because Mr. Jacobi primarily resides and works in California, the Employment Agreement was expressly entered into as condition of his employment, and Mr. Jacobi was not individually represented by legal counsel, California Labor Code Section 925 applies and Acrisure cannot rely on the Agreements to deprive Mr. Jacobi of his rights under California law, including his right to adjudicate these issues in a California forum.

44. Once "rendered void at the request of the employee," Section 925 of the California Labor Code requires that "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925.

Void Non-Solicitation Provision

45. It is longstanding public policy of California that contracts in restraint of trade, such as the "Non-Solicitation" provision of Mr. Jacobi's Employment Agreement, are void. Cal. Bus. & Prof. Code §§ 16600, 16600.5.

46. Mr. Jacobi has informed Acrisure that he is voiding the "Non-Solicitation" provision found in Section 12(b) of Mr. Jacobi's Employment Agreement, and any other same or similar provisions in any other Agreement.

47. Section 12(b) of Mr. Jacobi's Employment Agreement, which he entered into as a condition of his continued employment, restricts Mr. Jacobi from (i) "employ[ing], or assist[ing] *any* other person or entity in employing, *any* person who is then . . . or was employed by Employer during the [preceding] one (1) year[;]"

12
COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

(ii) "solicit[ing] business . . . from _any_ person or entity that is Employer's customer at the time of such solicitation, or who was a customer of Employer as of the Termination Date;" or (iii) "persuad[ing] _any_ person or entity that is Employer's customer at the time of such persuasion, or that was Employer's customer as of the Termination Date, to cease . . . or reduce the amount of Business done with Employer." The term "Employer" as used therein means "all entities that control . . . [or] are controlled by . . . or are under common control with . . . Acrisure."

48.    In full, Section 12(b) of Mr. Jacobi's Employment Agreement provides:

12.    Covenants.

. . . .

b.    Non-Solicitation. As a condition and inducement to the purchase by Acrisure of the outstanding equity interests of Employer, during the Restricted Period (as defined below) Employee shall not, directly or indirectly:

i.    employ, or assist any other person or entity in employing, any person who is then employed by Employer or Acrisure or was employed by Employer or Acrisure during the one (1) year period preceding the employment or assistance;

ii.    other than on behalf of Employer or its Affiliates, solicit business of the type performed by Employer or Acrisure from any person or entity that is Employer's customer at the time of such solicitation, or who was a customer of Employer as of the Termination Date; or

iii.    persuade any person or entity that is Employer's customer at the time of such persuasion, or that was Employer's customer as of the Termination Date, to cease doing business with or to reduce the amount of Business done with Employer.

The "Restricted Period" shall begin on the Effective Date and end after the expiration of the three (3) consecutive year period beginning on the Termination Date.

. . . .

d.    Affiliates. The promises and covenants set forth in Sections 12 and 13 (the "Restrictive Covenants") shall apply to the benefit of Employer, Acrisure and their respective Affiliates, and references to Employer shall be

13

deemed to apply to Employer, Acrisure and their respective Affiliates. The term "Affiliates" shall mean all entities that control Employer or Acrisure, are controlled by Employer or Acrisure, or are under common control with Employer or Acrisure.

(Ex. 2, § 12(b)-(d).)

49. Despite being specifically prohibited by Sections 16600 and 16600.5 of the California Business and Professions Code, Acrisure appears intent on enforcing Section 12(b) of his Employment Agreement (and any same or similar provisions in any other Agreement).

50. Mr. Jacobi was subject to a separate, distinct "Non-Competition and Non-Solicitation" provision in the Purchase Agreement, *which has been fully satisfied*.

51. Section 6.4(b) of the Purchase Agreement provides:

(b) <u>Non-Competition and Non-Solicitation</u>. In consideration of the benefits received by Sellers under this Agreement and the other Transaction Documents, in order to induce Buyer to enter into this Agreement and in order to protect the value of the Business acquired by Buyer hereunder (including the goodwill inherent in the Business as of Closing), during the Restricted Period, the applicable Sellers shall not, directly or indirectly:

(i) engage in a Competitive Activity;

(ii) employ, or assist any other Person in employing any Person who is employed by the Company Group as of the Signing Date or was employed by the Company Group during the nine (9) month period preceding the Signing Date; provided that nothing herein is intended or to be construed as a prohibition against general advertising, such as "help wanted" ads or online job boards, that are not targeted at such Persons;

(iii) solicit business of the type performed by the Company Group from any Account as of the Signing Date, or that was an Account during the nine (9) month period preceding the Signing Date;

(iv) persuade any Person that is an Account as of the Signing Date, or that was an Account during the nine (9) month period preceding the Signing Date, to cease doing business with or to reduce the amount of business done with the Company Group; or

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

(v)    persuade any insurance company, product issuer or other supplier of the Company Group to cease doing business with or to reduce the amount of business done with the Company Group.

The Restrictive Covenant set forth in Section 6.4(b)(i) shall not apply to Spencer Capital US or to the Executive Managers. Any Seller, other than Spencer Capital US and the Executive Managers, shall be deemed to be engaged in a "Competitive Activity" if such Seller engages, directly or indirectly, in any capacity that is the same, similar, or in any way related to the capacity in which such Seller was employed by the Company Group prior to the Closing Date, either alone or as a shareholder (other than as a holder of less than five percent (5%) of the common stock of any publicly traded corporation), partner, officer, director, employee, consultant or advisor, or otherwise in any way participates in or becomes associated with, any other business organization that, at any time, conducts any aspect of the Business anywhere in the United States of America (the "Protected Territory"). Such Sellers agree not to circumvent the purpose of the geographic restriction of Section 6.4(b)(i) by engaging in business outside the Protected Territory through remote means like telephone, correspondence or computerized communication.

The Restrictive Covenants set forth in Sections 6.4(b)(ii) through (v) shall apply to all Sellers and to any actions carried on or affecting the Company Group worldwide.

(Ex. 1, § 6.4(b).)

52.    Unlike the "Restricted Period" applicable to the "Non-Solicitation" provisions in Mr. Jacobi's Employment Agreement, which is defined within the body of Section 12(b) to run from the date of Mr. Jacobi's termination, the "Restricted Period" applicable to the "Non-Competition and Non-Solicitation" provision found in the Purchase Agreement (defined in Exhibit A to the Purchase Agreement) ran from the date of closing on the Acquisition and has long-ago expired.

53.    Moreover, as similar as they may be, the "Non-Solicitation" provision in Mr. Jacobi's Employment Agreement and the "Non-Competition and Non-Solicitation" provision in the Purchase Agreement protect different territories, prohibit different activities, provide for different exemptions, and extend to and benefit a different scope of entities.

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

54. Consequently, the "Non-Solicitation" provision in Section 12(b) of the Employment Agreement, and any same or similar provisions in any other Agreement between Mr. Jacobi and Acrisure, do not fall within the limited exception to California Business and Professions Code § 16600 (*i.e.*, California Business and Professions Code § 16601).

55. Business and Professions Code § 16601 is inapplicable where "by their very nature, the restrictions in the covenants not to compete in the purchase agreement and the employment agreement are different." *Fillpoint, LLC v. Maas*, 208 Cal.App.4th 1170 (2012) (finding "[t]he purchase agreement's covenant was focused on protecting the acquired goodwill for a limited period of time," while "[t]he employment agreement's covenant targeted an employee's fundamental right to pursue his or her profession.").

56. Because the "Non-Solicitation" provision in Section 12(b), as well as any same or similar provisions in any other Agreement between Mr. Jacobi and Acrisure, are restraints of substantial character in violation of California Business and Professions Code § 16600 and serve no protectable interest related to the goodwill transferred in the Acquisition, the "Non-Solicitation" provision in Section 12(b), as well as any same or similar provisions in any other Agreement between Mr. Jacobi and Acrisure, are void and unenforceable.

FIRST CLAIM FOR RELIEF
DECLARATORY JUDGMENT ACT
(Declaratory Relief Under 28 U.S.C. §§ 2201, 2202, Fed. R. Civ. P. 57)

57. Plaintiffs hereby incorporate by reference and re-allege each of the foregoing allegations.

58. An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs and Acrisure concerning the "Applicable Law; Venue" and "Non-Solicitation" provisions in Sections 17(d) and 12(b), respectively, of Mr. Jacobi's Employment Agreement.

59. Specifically, Section 925 of the California Labor Code provides that

16

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

"[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Labor Code § 925(a).

60.    Section 925 further provides that "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b).

61.    Section 17(d) of Mr. Jacobi's Employment Agreement purports to require that the Employment Agreement "be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan," that "[a]ctions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief from be brought only in a state court of competent subject matter jurisdiction in Kent County, Michigan, or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan," and that Mr. Jacobi "expressly and irrevocably consent[] to personal jurisdiction and venue in such courts, and agree[] not [to] object to such jurisdiction or venue on the grounds of *forum non conveniens* or otherwise."

62.    Mr. Jacobi has voided Section 17(d) of the Employment Agreement and, under the statute, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b).

63.    The application of California law also renders void Section 12(b), the "Non-Solicitation" provision. *See* Cal. Bus. & Prof. Code §§ 16600, 16600.5.

64.    Unless Mr. Jacobi and EPIC obtain a declaration from this Court that the "Applicable Law; Venue" and "Non-Solicitation" provisions in Sections 17(d) and 12(b) of Mr. Jacobi's Employment Agreement are in fact void, Mr. Jacobi

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

reasonably believes that Acrisure will seek to enforce these void provisions against him through litigation in Michigan.

65. A judicial declaration and judgment is therefore necessary and appropriate at this time, and under the present circumstances, so that Mr. Jacobi may ascertain his rights, duties, and future obligations under the Agreements, and so that Plaintiffs can avoid interfering with such rights, duties, and future obligations in the course and scope of Mr. Jacobi's new employment and the position he has accepted.

66. Plaintiffs seek a judicial declaration and judgment from the Court as specified in the prayer below.

SECOND CLAIM FOR RELIEF
VIOLATION OF THE CALIFORNIA LABOR CODE
(Contracts Against Public Policy, California Labor Code § 925)

67. Plaintiff Jacobi hereby incorporates by reference and re-alleges each of the foregoing allegations.

68. Section 925 of the California Labor Code provides that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Labor Code § 925(a).

69. Section 17(d) of Mr. Jacobi's Employment Agreement (titled "Applicable Law; Venue") purports to require Mr. Jacobi to consent to the jurisdiction of the courts of the State of Michigan, to adjudicate any controversy or claim in Grand Rapids, Michigan, and to have the Employment Agreement governed by Michigan law.

70. Acrisure has stated that it intends to enforce the Agreements, including Sections 17(d) and 12(b) of the Employment Agreement, which would require Mr. Jacobi to adjudicate outside of California a claim arising in California and would

18

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

deprive Mr. Jacobi of the substantive protection of California law with respect to a controversy arising in California.

71. Section 925 provides that "[i]n addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

72. Plaintiff Jacobi seeks injunctive relief and his reasonable attorney's fees as specified in the prayer below.

<u>THIRD CLAIM FOR RELIEF</u>
VIOLATION OF THE CALIFORNIA BUSINESS & PROFESSIONS CODE
(Void Contracts, California Bus. & Prof. Code §§ 16600, 16600.5)

73. Plaintiff Jacobi hereby incorporates by reference and re-alleges each of the foregoing allegations.

74. Section 16600 of the California Business and Professions Code provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600(a).

75. Section 16600 of the California Business and Professions Code "shall be read broadly . . . to void the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored, that does not satisfy an exception to this chapter." Cal. Bus. & Prof. Code § 16600(a).

76. Section 12(b) of Mr. Jacobi's Employment Agreement (titled "Non-Solicitation") constitutes a noncompete clause in an employment contract and does not satisfy any exception to Chapter 1 of the California Business & Professions Code.

77. Section 12(b) of Mr. Jacobi's Employment Agreement is therefore void pursuant to Section 16600 of the California Business and Professions Code.

78. Section 16600.5 of the California Business and Professions Code provides "[a]ny contract that is void under this chapter is unenforceable," (Cal. Bus.

& Prof. Code § 16600.5(a)), and that "[a]n employer or former employer shall not attempt to enforce a contract that is void under this chapter," regardless of where and when the contract was signed. Cal. Bus. & Prof. Code § 16600.5(b).

79. Acrisure has stated that it intends to enforce the "Non-Solicitation" provision in Section 12(b) of Mr. Jacobi's Employment Agreement which constitutes a restraint of substantial character restraining Mr. Jacobi from engaging in a lawful profession, trade, or business in violation of California Business and Professions Code § 16600.

80. Section 16600.5(d) provides that "[a]n employer that . . . attempts to enforce a contract that is void under this chapter commits a civil violation."

81. Section 16600.5(e)(1) provides that "[a]n employee, former employee, or prospective employee may bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both."

82. Section 16600.5(e)(2) provides that "[i]n addition to the remedies described in paragraph (1), a prevailing employee, former employee, or prospective employee in an action based on a violation of this chapter shall be entitled to recover reasonable attorney's fees and costs."

83. Plaintiff Jacobi seeks injunctive relief, actual damages, and his reasonable attorney's fees and costs as specified in the prayer below.

FOURTH CLAIM FOR RELIEF
VIOLATION OF THE CALIFORNIA BUSINESS & PROFESSIONS CODE
(Unfair Business Practices, California Bus. & Prof. Code §§ 17200, *et seq.*)

84. Plaintiffs hereby incorporate by reference and re-allege each of the foregoing allegations.

85. Acrisure's attempt to enforce Mr. Jacobi's Employment Agreement, including the "Applicable Law; Venue" provision in Section 17(d) and the "Non-Solicitation" provision in Section 12(b) thereof, which are void under California Labor Code § 925 and Business and Professions Code § 16600, constitute unfair and unlawful business acts or practices in violation of Business and Professions Code §§

20

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

17200, *et seq.*

86.     Plaintiffs have suffered an injury in fact as a result of Acrisure's unfair and unlawful conduct.  EPIC and Mr. Jacobi have been required to expend time, money, and resources to address and prevent Acrisure's use and attempted enforcement of void provisions and to prevent Acrisure from interfering with Mr. Jacobi's rights to work in his chosen profession and to move between employers within the California marketplace.

87.     Acrisure's conduct, as described herein, constitutes an unfair and unlawful business practice that should be restrained.  As such, Plaintiffs seek a determination by the Court that the use and attempted enforcement of the "Applicable Law; Venue" and "Non-Solicitation" provisions in Sections 17(d) and 12(b) of the Employment Agreement, which are void, violates California Business and Professions Code § 17200 *et seq*.  Plaintiffs also seek preliminary and permanent injunctive relief prohibiting the same.

88.     Plaintiffs seek injunctive relief and reasonable attorney's fees as specified in the prayer below.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Jacobi and Edgewood Partners Insurance Center pray for the following declaratory and injunctive relief, judgment, damages, fees, and costs as follows:

a.     A judicial declaration and judgment that Section 17(d), the "Applicable Law; Venue" provision of the Employment Agreement effective November 1, 2019, and any other same or similar provision in any ancillary agreement between Plaintiff John Jacobi and Acrisure, are void pursuant to California Labor Code §925, and that any claim arising out of the Agreements "shall be adjudicated in California and California law shall govern the dispute";

21

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

b.     A judicial declaration and judgment that Section 12(b), the "Non-Solicitation" provision of the Employment Agreement effective November 1, 2019, and any other same or similar provision in any ancillary agreement between Plaintiff John Jacobi and Acrisure, are void under California Business and Professions Code §16600;

c.     A judicial declaration and judgment that Acrisure is not entitled to any relief, equitable or legal, to enforce the "Non-Solicitation" provision in Section 12(b) of the Employment Agreement effective November 1, 2019 or any other same or similar provision in any ancillary agreement between Plaintiff John Jacobi and Acrisure, under California Business and Professions Code § 16600.5;

d.     A determination that Acrisure's statements that it intends to enforce the "Non-Solicitation" provision in Section 12(b) of the Employment Agreement effective November 1, 2019 between Plaintiff John Jacobi and Acrisure, and the attempt to enforce any other same or similar provision in any ancillary agreement between Plaintiff John Jacobi and Acrisure, violates California Business and Professions Code § 16600.5;

e.     A determination that Acrisure's statements that it intends to enforce the "Non-Solicitation" provision in Section 12(b) of the Employment Agreement effective November 1, 2019 between Plaintiff John Jacobi and Acrisure, and the enforcement of any other same or similar provision in any ancillary agreement between Plaintiff John Jacobi and Acrisure, constitute unlawful and unfair business practices and therefore violate California Business and Professions Code § 17200, *et seq.*;

f.     Compensatory damages as authorized by California Business and Professions Code § 16600.5 in excess of $1 million;

g.     Preliminary and permanent injunctive relief;

h.     Restitution in an amount to be proven at trial;

22

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

i.    Costs of suit incurred herein;

j.    Reasonable attorneys' fees as authorized by California Labor Code § 925 and California Business & Professions Code § 16600.5 in excess of $100,000; and

k.    For such other and further relief as this Court deems just and proper.

Dated: June 23, 2026

By: /s/ Bradley A. Chapin
Bradley A. Chapin
Michael Malakouti
RUTAN & TUCKER, LLP

Steven D. Pearson
Johnathon C. Koechley
Elena M. Sucharetza
SMITH, GAMBRELL & RUSSELL, LLP
*Pro hac vice applications forthcoming*

*Attorneys for Plaintiffs,*
*JOHN JACOBI and EDGEWOOD*
*PARTNERS INSURANCE CENTER*

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial as to all issues that are so triable.

Dated: June 23, 2026

By: /s/ Bradley A. Chapin
Bradley A. Chapin
Michael Malakouti
RUTAN & TUCKER, LLP

Steven D. Pearson
Johnathon C. Koechley
Elena M. Sucharetza
SMITH, GAMBRELL & RUSSELL, LLP
*Pro hac vice applications forthcoming*

*Attorneys for Plaintiffs,*
*JOHN JACOBI and EDGEWOOD*
*PARTNERS INSURANCE CENTER*

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF