Bradley A. Chapin (State Bar No. 232885)
bchapin@rutan.com
Michael Malakouti (State Bar No. 334849)
mmalakouti@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
Facsimile:  714-546-9035

Steven D. Pearson (IL #6190506)
sdpearson@sgrlaw.com
Johnathon C. Koechley (IL #6327176)
jkoechley@sgrlaw.com
Elena M. Sucharetza (IL #6354055)
esucharetza@sgrlaw.com
SMITH, GAMBRELL & RUSSELL LLP
155 N. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

Attorneys for Plaintiffs
JOHN JACOBI and EDGEWOOD PARTNERS
INSURANCE CENTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JOHN JACOBI, an individual, and EDGEWOOD PARTNERS INSURANCE CENTER, a California Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>ACRISURE, LLC, a Michigan limited liability company; ACRISURE PROTECTION GROUP, LLC, a Michigan limited liability company; ACRISURE PARTNER GROUP, LLC, a Michigan limited liability company; and ACRISURE OF CALIFORNIA PARTNER GROUP, LLC, a Michigan limited liability company,<br><br>　　　　　Defendants. | Case No.<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Supporting Declaration of Bradley A. Chapin, Esq.; Declaration of John Jacobi; and [Proposed] Temporary Restraining Order and Order to Show Cause re Issuance of a Preliminary Injunction]<br><br>Date:<br>Time:<br>Ctrm.: |

/ / /

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-1-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65-1, plaintiffs, John Jacobi and Edgewood Partners Insurance Center ("Plaintiffs"), will, and hereby do, apply for a temporary restraining order ("TRO") and order to show cause ("OSC") why a preliminary injunction should not issue, enjoining defendants, Acrisure, LLC, Acrisure Protection Group, LLC, Acrisure Partner Group, LLC, and Acrisure of California Partner Group, LLC (collectively, "Acrisure"), and their respective officers, agents, servants, employees, representatives, and all persons acting in concert with them, pending the hearing on the order to show cause, from engaging in, committing, or performing, directly or indirectly, in any and all of the following acts:

1.      Enforcing or attempting to enforce Section 17(d) (Applicable Law; Venue) of John Jacobi's employment agreement with Defendants; and litigating or attempting to adjudicate any claims arising from or related to Jacobi's employment with Defendants in any court outside of California; and

2.      Enforcing or attempting to enforce Section 12(b) (Non-Solicitation) of Jacobi's Employment Agreement with Defendants, including any other same or similar restrictive covenants in any ancillary agreements between Jacobi and Defendants related to his employment in California.

This Application is made on the grounds that Plaintiff is virtually certain to succeed on the merits because Section 17(d) of his employment agreement (Applicable Law; Venue) is void under California Labor Code § 925; every restrictive covenant Acrisure threatens to enforce is categorically void under California Business and Professions Code §§ 16600, 16600.5 and the 2023 amendments thereto; and Plaintiffs face immediate, concrete, and irreparable harm while Acrisure suffers none. Pursuant to Local Rule 7-19, Plaintiffs' counsel called counsel for Acrisure prior to this filing to orally advise counsel of the substance of the proposed application for TRO and OSC re preliminary injunction, but was unable to reach counsel and

therefore left a message with his assistant (and followed up immediately with a detailed email).  (Declaration of Bradley A. Chapin, ¶8.)

This Application is based on the attached Memorandum of Points and Authorities, the Declarations of Bradley A. Chapin, John Jacobi, and all files, documents and other materials on file in this matter, as well as oral argument if ordered by the Court.

Dated:  June 24, 2026_____

RUTAN & TUCKER, LLP
BRADLEY A. CHAPIN
MICHAEL MALAKOUTI

By: /s/ BRADLEY S. CHAPIN_____
Bradley A. Chapin
Attorneys for Plaintiffs
JOHN JACOBI and EDGEWOOD
PARTNERS INSURANCE CENTER

Dated:  June 24, 2026_____

SMITH, GAMBRELL & RUSSELL LLP
STEVEN D. PEARSON
JOHNATHON C. KOECHLE
ELENA M. SUCHARETZA

By: /s/ STEVEN D. PEARSON_____
Steven D. Pearson
Attorneys for Plaintiffs
JOHN JACOBI and EDGEWOOD
PARTNERS INSURANCE CENTER

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                    -3-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

## **TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| I. | INTRODUCTION | 10 |
| II. | FACTUAL BACKGROUND | 11 |
|  | A. Relevant Employment Agreement Terms | 11 |
|  | B. Relevant SPA Terms | 14 |
|  | C. Acrisure Intends to Enforce the Employment Agreement "Non-Solicitation" Provision Against Jacobi Outside of California and in Violation of the Protections Afforded by California Law | 15 |
| III. | LEGAL STANDARD | 16 |
| IV. | ARGUMENT | 16 |
|  | A. Plaintiffs are Highly Likely to Prevail on the Merits | 16 |
|  | 1. Issues of Contract Formation, Including Whether Sections 17(d) and 12(b) of Jacobi's Employment Agreement are Void, are Governed by California Law | 17 |
|  | 2. Jacobi has a Strong Likelihood of Success in Rendering Void the Out-Bound Forum Selection and Choice of Law Provision in His Employment Agreement | 18 |
|  | a. The "Applicable Law; Venue" Provision in Jacobi's Employment Agreement falls within, and violates, California Labor Code § 925(a) | 19 |
|  | b. Jacobi was not "in fact individually represented by counsel" in negotiating the "Applicable Law; Venue" provision in his Employment Agreement, and therefore the exception under Section 925(e) does not apply | 21 |
|  | c. Jacobi's *June 23, 2026 notice to Defendants rendered void the "Applicable Law; Venue" provision of his Employment Agreement pursuant to Section 925(b)* | 22 |
|  | 3. Jacobi has a High Likelihood of Success in Proving Section 12(b) of Jacobi's Employment Agreement is an Unlawful Restraint of Trade and Void Under California Business and Professions Code § 16600 | 23 |
|  | a. The "Non-Solicitation" provision in Section | |

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-4-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

|  |  |  | **Page** |
|---|---|---|---|
|  |  | 12(b) of Jacobi's Employment Agreement violates California Business and Professions Code § 16600 | 23 |
|  | b. | The purported stock interest in SWDS contemporaneously awarded to Jacobi and immediately transferred to Acrisure in the Acquisition does not bring Section 12(b) within the narrow "Sale-of-Business Exception" exception under California Business and Professions Code § 16601 | 25 |
|  | B. | Plaintiffs Will Suffer Irreparable Harm Without An Injunction | 28 |
|  | C. | The Balance Of The Equities Tips Heavily In Plaintiffs' Favor | 29 |
|  | D. | The Public Interest Supports An Injunction | 29 |
| V. | | BOND SHOULD BE WAIVED OR MINIMAL | 30 |
| VI. | | CONCLUSION | 31 |

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-5-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acrisure of California, LLC v. Papazyan*,
No. 1:26-CV-1213, 2026 WL 1584857 (W.D. Mich. May 26, 2026) ..............22

*Alabsi v. Savoya, LLC*,
No. 18-cv-06510-KAW, 2019 WL 1332191 (N.D. Cal. Mar. 25, 2019)...........18

*Alliance for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ...................................................................29

*Arthur J. Gallagher & Co. v. Petree*,
No. 2:18-cv-03274, 2022 WL 1241232 (E.D. Cal. Apr. 27, 2022) ...................26

*BakeMark, LLC v. Navarro*,
No. 21-cv-02499, 2021 WL 2497934 (C.D. Cal. Apr. 24, 2021) ......................24

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*,
622 F.3d 996 (9th Cir. 2010*)* ...................................................................17

*Connecticut Gen. Life Ins. v. New Images of Beverly Hills*,
321 F.3d 878 (9th Cir. 2003) ...................................................................30

*DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*,
28 F.4th 956 (9th Cir. 2022).............................................................22, 23, 30

*DePuy Synthes Sales, Inc. v. Stryker Corp.*,
No. 5:18-cv-01557, 2019 WL 1601384 (C.D. Cal.), *aff'd* 28 F.4th 956 (9th Cir. 2022) ....................................................................................18, 21, 23

*Dzhulakyan v. Noem*,
No. 5:26-cv-00398, 2026 WL 413590 (C.D. Cal. Feb. 10, 2026) ....................17

*Eller v. Automatic Data Processing, Inc.*,
No. 23-cv-0943, 2023 WL 3829723 (S.D. Cal. June 5, 2023)..........................20

*Greater Las Vegas Short-Term Rental Ass'n v. Clark County*,
799 F. Supp. 3d 1133 (D. Nev. 2025) .............................................................29

*James River Ins. Co. v. Medolac Labs.*,
290 F. Supp. 3d 956 (C.D. Cal. 2018)..............................................................17

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-6-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

**Page(s)**

**FEDERAL CASES (CONT.)**

*Jonathan v. Scottsdale Indemnity Co.*,
No. CV 08-03335, 2010 WL 11575597 (N.D. Cal. Feb. 9, 2010) ..................... 17

*Jorgensen v. Cassiday*,
320 F.3d 906 (9th Cir. 2003) ............................................................................. 30

*Karl v. Zimmer Biomet Holdings, Inc.*,
No. 18-cv-04176, 2018 WL 5809428 (N.D. Cal. Nov. 6, 2018) ................. 21, 30

*Lyon v. Neustar, Inc.*,
No. 2:19-cv-00371, 2019 WL 1978802 (E.D. Cal. May 3, 2019) .............. 20, 29

*Race Winning Brands, Inc. v. Gearhart*,
No. 22-cv-1446, 2023 WL 4681539 (C.D. Cal. Apr. 21, 2023) ........................ 25

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*,
944 F.2d 597 (9th Cir. 1991) ............................................................................. 28

*Salomon & Ludwin, LLC v. Winters*,
150 F.4th 268 (4th Cir. 2025) ............................................................................ 17

*San Diego Police Officers Ass'n, Inc. v. San Diego City Emp.*
*'s Ret. Sys.*, 568 F. 3d 725, 736-37 (9th Cir. 2009) .......................................... 17

*Shell Offshore, Inc. v. Greenpeace, Inc.*,
709 F.3d 1281 (9th Cir. 2013) ........................................................................... 16

*Smith v. Nerium International, LLC*,
No. 18-cv-01088, 2019 WL 3110027 (C.D. Cal. Apr. 3, 2019) ....................... 21

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,
240 F.3d 832 (9th Cir. 2001) ....................................................................... 16, 28

*Trans-Tec Asia v. M/V Harmony Container*,
518 F.3d 1120 (9th Cir. 2008) ........................................................................... 17

*Vasan v. Checkmate.com, Inc.*,
No. 2:25-cv-00765, 2025 WL 4227214 (C.D. Cal. June 24, 2025) ................... 21

*Winter v. Natural Res. Def Council, Inc.*,
555 U.S. 7 (2008) ......................................................................................... 16, 28

Rutan & Tucker, LLP
*attorneys at law*

2163/034863-0013
23950516.2 a06/24/26

-7-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

**Page(s)**

**FEDERAL CASES (CONT.)**

*Young v. Refined Technologies, Inc.*,
No. 22-cv-01032, 2022 WL 3012536 (C.D. Cal. June 17, 2022) ......................21

**CALIFORNIA CASES**

*Alliant Ins. Services, Inc. v. Gaddy*,
159 Cal.App.4th 1292 (2008) ...................................................................26

*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*,
28 Cal.App.5th 923 (2018) ................................................................24, 25

*Clemons v. Los Angeles*,
222 P.2d 439 (Cal. 1950)..........................................................................22

*Dowell v. Biosense Webster, Inc.*,
179 Cal.App.4th 564 (2009) .....................................................................24

*Edwards v. Arthur Andersen LLP*,
44 Cal.4th 937 (2008)...........................................................10, 24, 25, 28, 30

*Fillpoint, LLC v. Maas*,
208 Cal.App.4th 1170 (2012).........................................................26, 27, 28, 29

*Hill Med. Corp. v. Wycoff*,
86 Cal.App.4th 895 (2001) ..................................................................26, 30

*Strategix, Ltd. v. Infocrossing West, Inc.*,
142 Cal.App.4th 1068 (2006)....................................................................26

**CALIFORNIA STATUTES**

Business & Professions Code
chapter 1...............................................................................................23
section 16600 .......................................................10, 23, 24, 25, 28, 29, 30
section 16600(b)(1)...............................................................................24
section 16600.5 ....................................................................10, 23, 28, 30
section 16600.5(b)–(c) ..........................................................................30
section 16600.5(d) ................................................................................30
section 16600.5(e) ................................................................................30
section 16601 .............................................................................25, 26, 28

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-8-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

**Page(s)**

**CALIFORNIA STATUTES (CONT.)**

Civil Code
    section 1646 ............................................................................................... 18

Labor Code
    section 925 ..................................................... 10, 18, 19, 22, 28, 29, 30
    section 925(a) ............................................................... 19, 20, 21, 22
    section 925(a)(1) ........................................................................... 20
    section 925(a)(2) ........................................................................... 20
    section 925(b) .................................................... 10, 16, 19, 22, 23
    section 925(e) ........................................................................... 19, 21

**FEDERAL RULES**

Federal Rules of Civil Procedure
    rule 65(c) ..................................................................................... 30

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-9-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

John Jacobi lives in California, worked in California for Acrisure, served California customers, and has resigned to join Edgewood Partners Insurance Center to continue working in his chosen profession in California. Each and every provision Acrisure has threatened to enforce against him (a Michigan choice of law and Grand Rapids forum-selection clause paired with a three-year non-solicitation and no-hire clause) is void under California law. Cal. Lab. Code § 925; Cal. Bus. & Prof. Code §§ 16600, 16600.5. Plaintiffs respectfully request that this Court enter an order that prevents Acrisure from attempting to circumvent Jacobi's rights under the strong public policy of California.

On June 23, 2026, Jacobi exercised his rights under California Labor Code § 925(b) to void the forum and choice of law provisions in his employment agreement and demanded written confirmation that Acrisure would not pursue litigation against him in Michigan. Acrisure has yet to respond to that request.

In light of Acrisure's prior statements that it intends to enforce these void provisions against Jacobi and the fact that Acrisure is currently litigating more than a dozen matters attempting to enforce similar provisions against other California employees, Acrisure's failure to agree not to enforce these void provisions against Jacobi demonstrates that a temporary restraining order is necessary to avoid the very harm Section 925 was enacted to prevent. Entry of a temporary restraining order here would enable Jacobi to avail himself of the protections of California law and support California's "settled legislative policy in favor of open competition and employee mobility" codified more than 150 years ago and ensures that "every citizen shall retain the right to pursue any lawful employment and enterprise of their choice." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008).

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-10-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

## II.    FACTUAL BACKGROUND

Jacobi is, and was at all relevant times, a resident of California.  Declaration of John Jacobi ("Jacobi Decl."), ¶2. Jacobi resides in Newport Beach, California, and throughout his employment, he worked out of Acrisure's Irvine, California office assisting Acrisure's strategy, growth, and business operations throughout Southern California.  *Id*., ¶¶2–3. While working for Acrisure, ninety-five percent (95%) of Jacobi's time was spent working from either Acrisure's Irvine office or from his home in Newport Beach.  *Id*., ¶3.  On June 23, 2026, Jacobi resigned from Acrisure and accepted a new position with Edgewood Partners Insurance Center ("EPIC") in Newport Beach, California, where he will perform similar functions for EPIC.  *Id*., ¶5.

Jacobi became an employee of Acrisure through Acrisure's acquisition of his then-employer, SWDS Holdings, Inc. ("SWDS"), by virtue of a Stock Purchase Agreement dated November 18, 2019 (the "SPA"), under which Acrisure acquired all of the outstanding stock of SWDS (the "Acquisition"). Declaration of Bradley A. Chapin, Esq. ("Chapin Decl."), Ex. 1; Jacobi Decl., ¶7.  In connection with the Acquisition, Jacobi was required to execute an Employment Agreement, effective November 1, 2019, between himself and SWDS (the "Employment Agreement"). Chapin Decl., Ex. 2; Jacobi Decl., ¶¶9–11. On or about June 3, 2023, Jacobi's Employment Agreement was assigned to Acrisure Protection Group, LLC as part of a merger of SWDS with six other Acrisure entities.  Jacobi Decl., ¶16.  Jacobi was not individually represented by counsel in connection with either the SPA or the Employment Agreement.  Jacobi Decl., ¶¶12–15.

### A.    Relevant Employment Agreement Terms

Jacobi was required to enter into the Employment Agreement as a condition of his continued employment following the Acquisition.  See Chapin Decl., Ex. 2, p. 1 (expressly providing the Employment Agreement was "in consideration of . . . Employee's employment or continued employment, as the case may be"), § 15

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                                      -11-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

("[e]mployee acknowledges that Employer requires execution of this Agreement as a condition of becoming or remaining an employee, as the case may be"), § 17(f) ("[t]his agreement represents the entire Agreement between the parties regarding the terms and conditions of Employee's employment by Employer.").

Section 17(d) of Jacobi's Employment Agreement provides:

> d.   Applicable Law; Venue. The terms and conditions of this Agreement shall be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause application of the laws of any jurisdiction other than the State of Michigan. Any controversy or claim arising out of or related to this Agreement (other than claims involving injunctive or equitable relief) shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Any such controversy or claim shall be arbitrated on an individual basis and shall not be consolidated in any arbitration with any claim or controversy of any other party. Any arbitration shall be conducted in Grand Rapids, Michigan. In the event of arbitration, the non-prevailing party shall bear all related costs, including the prevailing party's reasonable attorneys' fees. The parties agree that any court of competent jurisdiction may render judgment on or enforce any arbitration award. Neither party may receive any interim or preliminary relief, unless necessary to protect its rights or property pending the completion of arbitration, in a court of competent jurisdiction. All actions or proceedings arising from or related to this Agreement and for which a party seeks injunctive or equitable relief shall be brought only in a state court of competent subject matter jurisdiction in Kent County, Michigan, or in the federal courts of competent subject matter jurisdiction in the Western District of Michigan. Each party expressly and irrevocably consents to personal jurisdiction and venue in such courts, and agrees not [to] object to such jurisdiction or venue on the ground of forum non

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-12-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

conveniens or otherwise.

Chapin Decl., Ex. 2, § 17(d).

Section 12(b) of Jacobi's Employment Agreement contains the following non-solicitation restrictive covenant:

> 12.   Covenants.
>
> . . . .
>
> b.    Non-Solicitation. As a condition and inducement to the purchase by Acrisure of the outstanding equity interests of Employer, during the Restricted Period (as defined below) Employee shall not, directly or indirectly:
>
> i.    employ, or assist any other person or entity in employing, any person who is then employed by Employer or Acrisure or was employed by Employer or Acrisure during the one (1) year period preceding the employment or assistance;
>
> ii.    other than on behalf of Employer or its Affiliates, solicit business of the type performed by Employer or Acrisure from any person or entity that is Employer's customer at the time of such solicitation, or who was a customer of Employer as of the Termination Date; or
>
> iii.    persuade any person or entity that is Employer's customer at the time of such persuasion, or that was Employer's customer as of the Termination Date, to cease doing business with or to reduce the amount of Business done with Employer.
>
> . . . .
>
> d.    Affiliates. The promises and covenants set forth in Sections 12 and 13 (the "Restrictive Covenants") shall apply to the benefit of Employer, Acrisure and their respective Affiliates, and references to Employer shall be deemed to apply to Employer, Acrisure and their respective Affiliates.  The term "Affiliates" shall mean all entities that control Employer or Acrisure, are controlled by Employer or Acrisure, or are under common control with Employer or Acrisure.

Chapin Decl., Ex. 2, § 12(b).  Significantly, the term "Employer" in Section 12(b) is expressly deemed to apply to, and inure to the benefit of, Acrisure's "Affiliates,"

defined as "all entities that control . . . [or] are controlled by . . . or are under common control with . . . Acrisure." *Id*., Ex. 2, § 12(d).

## B. Relevant SPA Terms

The SPA governing the Acquisition contains its own, distinct non-competition and non-solicitation covenant which has been fully satisfied. Chapin Decl., Ex. 1, § 6.4(b); Jacobi Decl., ¶¶7–8. Pursuant to Section 6.4(b), the express purpose of this bargained-for restrictive covenant in the SPA was to "protect the value of the Business acquired by [Acrisure] hereunder (including the goodwill inherent in the Business as of Closing)." Chapin Decl., Ex. 1, § 6.4(b).

Section 6.4(b) of the SPA provides:

(b)    Non-Competition and Non-Solicitation. In consideration of the benefits received by Sellers under this Agreement and the other Transaction Documents, in order to induce Buyer to enter into this Agreement and in order to protect the value of the Business acquired by Buyer hereunder (including the goodwill inherent in the Business as of Closing), during the Restricted Period, the applicable Sellers shall not, directly or indirectly:

(i)    engage in a Competitive Activity;

(ii)    employ, or assist any other Person in employing any Person who is employed by the Company Group as of the Signing Date or was employed by the Company Group during the nine (9) month period preceding the Signing Date; provided that nothing herein is intended or to be construed as a prohibition against general advertising, such as "help wanted" ads or online job boards, that are not targeted at such Persons;

(iii)    solicit business of the type performed by the Company Group from any Account as of the Signing Date, or that was an Account during the nine (9) month period preceding the Signing Date;

(iv)    persuade any Person that is an Account as of the Signing Date, or that was an Account during the nine (9) month period preceding the Signing Date, to cease doing business with or to reduce the amount of business done with the Company Group; or

(v)    persuade any insurance company, product issuer or other supplier of the Company Group to cease doing business with or to reduce the amount of business done with the Company Group.

business organization that, at any time, conducts any aspect of the Business anywhere in the United States of America (the "Protected Territory"). Such Sellers agree not to circumvent the purpose of the geographic restriction of Section 6.4(b)(i) by engaging in business outside the Protected Territory through remote means like telephone, correspondence or computerized communication.

**************

The Restrictive Covenants set forth in Sections 6.4(b)(ii) through (v) shall apply to all Sellers and to any actions carried on or affecting the Company Group worldwide.

Chapin Decl., Ex. 1, § 6.4(b).  The restrictive covenants in the SPA ran for a period of three years beginning on the closing date of the Acquisition and expired thereafter. *Id*., Ex. 1, at A-10 (defining "Restricted Period" as "the three (3) year period immediately following the Closing Date.").  Like Jacobi's Employment Agreement, the SPA also contains an out-of-state Michigan choice of law provision and a one-way Michigan forum selection provision.  Chapin Decl., Ex. 1, §§ 6.4(c)(ii), 10.15.

**C.     Acrisure Intends to Enforce the Employment Agreement "Non-Solicitation" Provision Against Jacobi Outside of California and in Violation of the Protections Afforded by California Law**

On February 12, 2024, Acrisure notified Jacobi that it intends to enforce the "Non-Solicitation" provision in his Employment Agreement.  Chapin Decl., Ex. 3 ("Finally, for our California employees who had any ownership interest in the company that was sold to Acrisure, your Employment Agreements remains the same."); Jacobi Decl., ¶17.  Acrisure's notification also purported to assign Jacobi's Employment Agreement to one of two new Acrisure entities, either Acrisure Partner Group, LLC or Acrisure of California Partner Group, LLC, without specifying which. *Id*.

Over the last 90 days, Acrisure has made plain its intent to enforce these void restrictive covenants against a number of former employees who reside and work in California.  Acrisure (and its affiliate, Acrisure of California, LLC) have filed at least

seven enforcement actions against former California-based employees. *See, e.g.*, Compl., ¶10. Against this backdrop, on June 23, 2026, Jacobi delivered to Acrisure his written notice exercising his right under California Labor Code § 925(b) to void all offending provisions of the Agreements, including the "Applicable Law; Venue" provision in Section 17(d) and the "Non-Solicitation" provisions in Section 12(b) of his Employment Agreement, and demanded Acrisure's written confirmation by close of business that same day that it would not seek to enforce those provisions. Chapin Decl., ¶8, Ex. 4; Jacobi Decl., ¶18. As of the filing of this motion, Acrisure has not responded. Chapin Decl., ¶7; Jacobi Decl., ¶19.

## III.   LEGAL STANDARD

The test for preliminary injunctive relief is "substantially identical" whether in the form of a TRO or a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must establish (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008).

Under the Ninth Circuit's "sliding scale" approach, "if a plaintiff can only show that there are 'serious questions going to the merits' -- a lesser showing than likelihood of success on the merits -- then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## IV.   ARGUMENT

### A.   Plaintiffs are Highly Likely to Prevail on the Merits

Plaintiffs' Complaint alleges four claims for relief, and Plaintiffs are likely to succeed on all of them. But, for purposes of injunctive relief, "finding a likelihood of

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-16-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

success on only one claim is sufficient to justify injunctive relief." *Salomon & Ludwin, LLC v. Winters*, 150 F.4th 268, 273 n.1 (4th Cir. 2025); *Dzhulakyan v. Noem*, No. 5:26-cv-00398, 2026 WL 413590, at *2 (C.D. Cal. Feb. 10, 2026) (a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought") (citation omitted).

### 1. Issues of Contract Formation, Including Whether Sections 17(d) and 12(b) of Jacobi's Employment Agreement are Void, are Governed by California Law

Jacobi has a strong likelihood of voiding two provisions of his Employment Agreement:  Section 17(d), titled "Applicable Law; Venue," and Section 12(b), titled "Non-Solicitation."  Whether a valid forum selection and choice of law provision exists is determined by state substantive law.  *See, e.g., San Diego Police Officers Ass'n, Inc. v. San Diego City Emp.'s Ret. Sys.*, 568 F. 3d 725, 736-37 (9th Cir. 2009) ("federal courts look to state law to determine the existence of a contract."); *Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1124 (9th Cir. 2008) (choice of law provision is not to be applied "until [it is] decided, as a matter of law, that such a provision was a valid contractual term and was legitimately incorporated into the parties' contract."); see also *Jonathan v. Scottsdale Indemnity Co.*, No. CV 08-03335, 2010 WL 11575597, at *9 (N.D. Cal. Feb. 9, 2010) ("A federal court exercising its diversity jurisdiction in a contract case applies state law regarding contract formation.") (citation omitted).

Application of California law is also required because "[a] federal court sitting in diversity applies the forum state's choice of law rules" when evaluating contract claims before it.  *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010*); James River Ins. Co. v. Medolac Labs.*, 290 F. Supp. 3d 956 (C.D. Cal. 2018) ("[Cal. Civ. Code §] 1646 determines the law governing the interpretation of a contract").  Under the California Civil Code, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or

if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. Here, California is both the place where the Employment Agreement was made and the place where the Employment Agreement was to be performed. See Jacobi Decl., ¶¶2–4, 9–10 (Jacobi was presented with and signed the Employment Agreement at Defendants' offices in Irvine, California, his primary work location at the time of executing the Employment Agreement); see also Chapin Decl., Ex. 2, § 9(b)(iv) (defining "Good Reason" for Jacobi's termination of the Employment Agreement to include, "[t]he relocation of [Jacobi's] primary work location . . . more than thirty (30) miles" from Jacobi's primary work location at the time of execution). Therefore, for all the above reasons, California law governs issues of contract formation, including whether Sections 17(d) and 12(b) of Jacobi's Employment Agreement are Void.

**2.** **Jacobi has a Strong Likelihood of Success in Rendering Void the Out-Bound Forum Selection and Choice of Law Provision in His Employment Agreement**

Jacobi has a strong likelihood of voiding Section 17(d) of his Employment Agreement, titled, "Applicable Law; Venue." The validity of Section 17(d) of Jacobi's Employment Agreement is governed by California Labor Code § 925, which represents California's strong public policy in adjudicating this action in California and "preventing contractual circumvention of its labor laws." *DePuy Synthes Sales, Inc. v. Stryker Corp.*, No. 5:18-cv-01557, 2019 WL 1601384, at *5 (C.D. Cal.), *aff'd* 28 F.4th 956 (9th Cir. 2022) (quoting *Karl v. Zimmer Biomet Holdings, Inc.*, No. 18-cv-04176, 2018 WL 5809428, at *7 (N.D. Cal. Nov. 6, 2018)); *see also Alabsi v. Savoya, LLC*, No. 18-cv-06510-KAW, 2019 WL 1332191, at *16 (N.D. Cal. Mar. 25, 2019) (finding forum selection clause unenforceable because "[Section] 925 expresses California's strong public policy to prohibit forum selection clauses that require California residents to litigate their employment disputes outside of the state."). Because the "Applicable Law; Venue" provision in Jacobi's Employment

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                                    -18-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

Agreement violates Section 925(a) and the sole exception under Section 925(e) is inapplicable, Jacobi's June 23, 2026 notice to Acrisure properly voided the "Applicable Law; Venue" provision of his Employment Agreement pursuant to Section 925(b) and thereafter this matter "shall be adjudicated in California and [that] California law shall govern the dispute."  Cal. Lab. Code § 925(b).

       a.      The "Applicable Law; Venue" Provision in Jacobi's Employment Agreement falls within, and violates, California Labor Code § 925(a)

Pursuant to Labor Code § 925(a), employers are expressly prohibited from requiring employees who "primarily reside and work in California" to agree to provisions in contracts, as a condition of employment, that would either (1) "require the employee to adjudicate outside of California a claim arising in California," or (2) "deprive the employee of the substantive protection of California law with respect to a controversy arising in California."   Cal. Lab. Code § 925(a). Here, the "Applicable Law; Venue" provision in Jacobi's Employment Agreement does both. First, Jacobi's Employment Agreement falls within the scope of Section 925 of the Labor Code because Jacobi indisputably resides and works in California.  Jacobi has, at all relevant times, resided in Newport Beach, California and worked for Acrisure in Irvine, California, and will continue to work in California in his new position at EPIC in Newport Beach.   Jacobi Decl., ¶¶2–5. While working for Acrisure, ninety-five percent (95%) of Jacobi's work for Acrisure occurred while physically present in Acrisure's Irvine office or from his home in Newport Beach. *Id*., ¶4.  Likewise, given Jacobi's primary area of responsibility was assisting Acrisure's strategy, growth, and business operations in the Southern California area, nearly all of Jacobi's job functions occurred in California. *Id*.

Second, Jacobi's Employment Agreement falls within the scope of Labor Code § 925 because Jacobi's Employment Agreement expressly states that it was entered into as a condition of, and in consideration for, *inter alia*, "employment or continued

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-19-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

employment[.]" Chapin Decl., Ex. 2, p. 1; Jacobi Decl., ¶11; *see, e.g., Lyon v. Neustar, Inc.*, No. 2:19-cv-00371, 2019 WL 1978802, at *21 (E.D. Cal. May 3, 2019) ("one need look no further than the preamble to the employment agreement . . . [t]his language alone makes clear all terms of the agreement, including the forum-selection clause, are required conditions of employment."); *see also Eller v. Automatic Data Processing, Inc.*, No. 23-cv-0943, 2023 WL 3829723, * 13-14 (S.D. Cal. June 5, 2023) (same) . Indeed, the Employment Agreement required Jacobi to acknowledge that "[Acrisure] require[d] execution of this [Employment] Agreement as a condition of becoming or remaining an employee," Chapin Decl., Ex. 2, § 15, and that the "[Employment] Agreement represent[ed] the entire Agreement between the parties regarding the terms and conditions of [Jacobi]'s employment by [Acrisure]." *Id*., § 17(f).

Applying Labor Code § 925(a) to the terms of Jacobi's Employment Agreement, the requirement in Section 17(d) that "[a]ll actions or proceedings arising from or related to this Agreement . . . be brought only in . . . Michigan" violates Section 925(a)(1) because it "require[s] [Jacobi] to adjudicate outside of California a claim arising in California." Cal. Lab. Code § 925(a)(1); Chapin Decl., Ex. 2, § 17(d). Similarly, Section 17(d) of the Employment Agreement "deprive[s] [Jacobi] of the substantive protection of California law" in violation of Section 925(a)(2) because it provides that the Employment Agreement "be governed, construed, interpreted and enforced in accordance with the domestic laws of the State of Michigan, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Michigan or any other jurisdiction) that would cause application of the laws of any jurisdiction other than the State of Michigan." *Id.* Moreover, pursuant to Section 17(e) of the Employment Agreement, these offending provisions "survive and continue in full force" following the termination of employment "and notwithstanding the termination of the Employment Agreement" itself. *Id*., § 17(e). Under these facts, Section 17(d) of Jacobi's Employment Agreement violates Section 925(a). *See, e.g.,*

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-20-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

*Stryker Corp.*, 2019 WL 1601384, at *8-9, aff'd 28 F.4th 956; *see also Karl*, 2018 WL 5809428 at *2.

         b.      <u>Jacobi was not "in fact individually represented by counsel" in negotiating the "Applicable Law; Venue" provision in his Employment Agreement, and therefore the exception under Section 925(e) does not apply</u>

The sole category of contracts that are exempt from Section 925(a) are those contracts with employees who are "in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied." Cal. Lab. Code § 925(e). The mere ability to seek independent legal counsel is insufficient. *See Young v. Refined Technologies, Inc.*, No. 22-cv-01032, 2022 WL 3012536, at *5 (C.D. Cal. June 17, 2022) (finding § 925(e) inapplicable, despite the employee expressly warranting in the contract that he was individually represented by independent legal counsel, where no other evidence existed that employee was "in fact" individually represented); *Smith v. Nerium International, LLC*, No. 18-cv-01088, 2019 WL 3110027, at *14-15 (C.D. Cal. Apr. 3, 2019) (finding § 925(e) inapplicable without evidence that employee "had legal representation in negotiating the terms with respect to venue"). "Separate" legal counsel is similarly insufficient. *See, e.g., Vasan v. Checkmate.com, Inc.*, No. 2:25-cv-00765, 2025 WL 4227214, at *8 (C.D. Cal. June 24, 2025) ("[i]f the legislature intended the statute to require only that [the employee] have *separate* counsel from [the employer], which is [what the employer] argues is all that is necessary, the statute could have simply read 'separate' representation. It does not, and [expressly] uses the term 'individual.'" (emphasis in original)).

Unlike a recent decision involving Acrisure where the employee had in fact been individually represented by his own separate, personal legal counsel who had in fact attempted to negotiate the terms of the forum selection and choice of law

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-21-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

provision, *see Acrisure of California, LLC v. Papazyan*, No. 1:26-CV-1213, 2026 WL 1584857, at *8 (W.D. Mich. May 26, 2026), here, Jacobi was not "in fact individually represented" at all.  *See* Jacobi Decl., ¶¶13–14 (Jacobi was not advised to retain separate, personal counsel; did not seek out separate, personal counsel; and in fact did not engage or consult separate, personal legal counsel in connection with any part of the Acquisition, including the terms of the Employment Agreement).  To the extent any attorney was involved in the transaction, that attorney represented SWDS and/or its selling shareholders collectively in connection with the Acquisition and did not represent Jacobi individually with respect to his Employment Agreement or any of its terms.  Id., ¶15.

> c.   Jacobi's *June 23, 2026 notice to Defendants rendered void the "Applicable Law; Venue" provision of his Employment Agreement pursuant to Section 925(b)*

Under California law, there is no legally operative clause for this Court to consider because Jacobi has voided it under Labor Code § 925.  The legal effect of voiding this provision is that it does not exist under well-settled contract law. *Clemons v. Los Angeles*, 222 P.2d 439 (Cal. 1950) (holding that the "avoidance of a voidable transaction by a party entitled to exercise that right" renders a transaction "null and void").  Here, Section 17(d) has been excised from the Employment Agreement in its entirety by operation of Jacobi's notice under Labor Code § 925, as Section 925(b) provides that any contract provision that violates Section 925(a) "is voidable by the employee[.]"

The Ninth Circuit's decision in *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022) confirms that the procedure followed here effectively voided the offending provisions in Jacobi's Employment Agreement. In DePuy, the employee sent written notice "exercising his right to void the forum-selection and choice-of-law clauses under California Labor Code § 925." *Id*.  The district court held that the employee had "satisfied all the prerequisites in § 925" and

that offending provision therefore "shall not be enforced." *Id*. at 959. The Ninth Circuit affirmed, holding that employee's "voiding of that provision excised the forum-selection clause from the agreement as presented to the district court." *Id*. at 964.

Jacobi has followed the same procedure as in *DePuy*. Like the employee there, Jacobi served timely written notice on Acrisure exercising his statutory right under Section 925(b) to void the "Applicable Law; Venue" provision. Just as in *DePuy*, "[Jacobi]'s voiding of that provision excised ["Applicable Law; Venue"] clause from the agreement." DePuy, 28 F.4th at 964. Therefore, because Jacobi voided Section 17(d) from his Employment Agreement, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Lab. Code § 925(b).

**3.    Jacobi has a High Likelihood of Success in Proving Section 12(b) of Jacobi's Employment Agreement is an Unlawful Restraint of Trade and Void Under California Business and Professions Code § 16600**

Under California law, Section 12(b) of Jacobi's Employment Agreement, titled "Non-Solicitation," is void as it constitutes a noncompete clause in an employment contract and does not satisfy any exception to Chapter 1 of the California Business & Professions Code governing the preservation and regulation of competition. Cal. Bus. & Prof. Code §§ 16600, 16600.5.

a.    The "Non-Solicitation" provision in Section 12(b) of Jacobi's Employment Agreement violates California Business and Professions Code § 16600

California Business and Professions Code Section 16600 reflects California's long-standing, fundamental public policy favoring open competition and employee mobility, providing that "*every* contract by which anyone is restrained from engaging in a lawful profession, trade, or business *of any kind* is to that extent void." Cal. Bus. & Prof. Code § 16600 (emphasis added). Section 16600 "shall be read broadly . . . to

void the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, *no matter how narrowly tailored*, that does not satisfy an exception to this chapter." Cal. Bus. & Prof. Code § 16600(b)(1) (emphasis added); *accord Edwards*, 44 Cal. 4th at 942.

Here, the "Non-Solicitation" provision of Jacobi's Employment Agreement, which he entered into as a condition of his continued employment, violates Section 16600. Section 12(b) of the Employment Agreement restricts Jacobi from (i) "employ[ing], or assist[ing] any other person or entity in employing, *any* person who is then . . . or was employed by [Acrisure] during the [preceding] one (1) year[;]" (ii) "solicit[ing] business . . . from *any* person or entity that is [Acrisure's] customer at the time of such solicitation, or who was a customer of [Acrisure] as of the Termination Date;" or (iii) "persuad[ing] *any* person or entity that is [Acrisure's] customer at the time of such persuasion, or that was [Acrisure's] customer as of the Termination Date, to cease . . . or reduce the amount of Business done with [Acrisure]." Chapin Decl., Ex. 2, § 12(b) (emphasis added).

The entirety of Section 12(b) is void under California law. In *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, the Court of Appeal held that a broadly worded non-solicitation provision was "void under section 16600" because it "clearly restrained [the former employees] from practicing with [the competitor] their chosen profession." 28 Cal.App.5th 923, 937 (2018). The court emphasized that, post-*Edwards*, a contractual restraint preventing a former employee from soliciting or servicing the former employer's customers or workforce is void unless it fits within a statutory exception, "even in a 'narrow' manner or a 'limited' way." *Id*. at 939; see also *Dowell v. Biosense Webster, Inc.*, 179 Cal.App.4th 564, 575 (2009) (voiding both non-competition and non-solicitation clauses where the latter barred the employee from rendering services to "any of the accounts, customers or clients with whom they had contact during their last 12 months of employment"). Federal courts applying California law have reached the same conclusion. *See, e.g., BakeMark, LLC v.*

*Navarro*, No. 21-cv-02499, 2021 WL 2497934, at *12–13 (C.D. Cal. Apr. 24, 2021) (finding that, in light of *Edwards* and *AMN*, "California law is properly interpreted post-Edwards to invalidate" non-solicitation provisions under Section 16600); *see also Race Winning Brands, Inc. v. Gearhart*, No. 22-cv-1446, 2023 WL 4681539, at *10 (C.D. Cal. Apr. 21, 2023) ("the court finds no reason to depart from the view that non-solicitation agreements imposed on terminated employees are invalid under § 16600.").

The restrictions in Sections 12(b) of Jacobi's Employment Agreement are even broader, and therefore more clearly void, than the provisions struck down in *AMN*. Jacobi's "lawful profession, trade, or business" is the sale and servicing of insurance products to automotive dealerships in and around southern California, and he has accepted a new position with EPIC to continue serving that same market. Jacobi Decl. ¶5. Sections 12(b)(ii) and (iii) would bar him, for three years and worldwide, from soliciting business from, or even "persuad[ing]," any person or entity that is or was an Acrisure customer as of Jacobi's termination date—regardless of whether the customer independently approaches EPIC, regardless of whether Jacobi had any relationship with that customer during his Acrisure employment, and regardless of whether Jacobi even knew them to be an Acrisure customer. Chapin Decl., Ex. 2, § 12(b)(ii)–(iii).   That is precisely the kind of categorical restraint on a former employee's ability to compete for customers in his chosen field that is void under § 16600.

     b. <u>The purported stock interest in SWDS contemporaneously awarded to Jacobi and immediately transferred to Acrisure in the Acquisition does not bring Section 12(b) within the narrow "Sale-of-Business Exception" exception under California Business and Professions Code § 16601</u>

Acrisure cannot save Section 12(b) of the Employment Agreement by invoking the narrow sale-of-business exception in Section 16601.  That exception permits

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-25-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

"[a]ny person who sells the goodwill of a business, or any owner of a business entity selling or otherwise disposing of all of his or her ownership interest in the business entity, . . . [to] agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold . . . has been carried on." Cal. Bus. & Prof. Code § 16601.[1]  The exception "is limited," and "in order to uphold a covenant not to compete pursuant to Section 16601, the contract for sale of the corporate shares may not circumvent California's deeply rooted public policy favoring open competition.  The transaction must clearly establish that it falls within this limited exception." *Hill Med. Corp. v. Wycoff*, 86 Cal.App.4th 895, 903 (2001); *accord Fillpoint, LLC v. Maas*, 208 Cal.App.4th 1170, 1177–78 (2012); *Strategix, Ltd. v. Infocrossing West, Inc.*, 142 Cal.App.4th 1068, 1073 (2006).

The facts of *Fillpoint* mirror the instant matter.  *Fillpoint* involved "a purchase agreement and an employment agreement entered at roughly the same time as part of a single transaction, but containing *different* covenants not to compete." *Fillpoint*, 208 Cal.App.4th at 1178 (emphasis added).[2]  There, as here, "*the purchase agreement* contained a noncompete provision protecting the goodwill of the business; the *employment agreement* contained an additional broad, noncompetition and nonsolicitation covenant." *Id*. at 1180 (emphasis added).  Moreover, in *Fillpoint*, as here, the "covenant not to compete in the *purchase agreement* [had] expired . . . and was fully satisfied. . . [a]ccordingly, the covenant in the *employment agreement* depends entirely on section 16601 for its survival." *Id*. at 1182 (emphasis added).  Based on these facts, the Court of Appeal affirmed the district court, finding, "by their

[1]   It is disputed that Jacobi ever possessed any shares in SWDS so as to be considered an "owner" of SWDS or seller of goodwill under Section 16601; however, as explained *infra*, even if Jacobi is considered to have sold goodwill or disposed of his ownership interest in SWDS through the Acquisition, the conclusion remains the same in that the "Non-Solicitation" provision in Section 12(b) of the Employment Agreement is void.
[2]   It is on this basis that *Alliant Ins. Services, Inc. v. Gaddy*, 159 Cal.App.4th 1292 (2008) and *Arthur J. Gallagher & Co. v. Petree*, No. 2:18-cv-03274, 2022 WL 1241232 (E.D. Cal. Apr. 27, 2022) are distinguishable.   In each case, the two provisions at issue were identical.

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                    -26-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

very nature, the restrictions in the covenants not to compete in the purchase agreement and the employment agreement are different. The purchase agreement's covenant was focused on protecting the acquired goodwill for a limited period of time. The employment agreement's covenant targeted an employee's fundamental right to pursue his or her profession." *Id*. at 1183. The employment agreement covenant therefore "[could not] be reconciled with California's strong public policy permitting employees the right to pursue a lawful occupation of their own choice" and was void. *Id*.

The situation here is therefore materially indistinguishable from that in *Fillpoint* and, indeed, presents an even stronger case for voiding the restrictive covenant. The "Non-Solicitation" provision in Jacobi's Employment Agreement and the "Non-Competition and Non-Solicitation" provision in the SPA are triggered upon different events, run for different periods, protect different territories, prohibit different activities, provide for different exemptions, and inure to the benefit of a different scope of entities. *Compare* Chapin Decl., Ex. 1, § 6.4(b), p. A-10, *with* Chapin Decl., Ex. 2, §§ 12(b)-(d), 15.

As in *Fillpoint*, Jacobi long ago satisfied Acrisure's three-year restrictive covenants contained in the SPA, which expired in November 2022. Chapin Decl., Ex. 1, p. A-10, *see* also Jacobi Decl., ¶8. The express purpose of the "Non-Competition and Non-Solicitation" provision in the SPA was to protect the goodwill acquired by Acrisure. *See* Chapin Decl., Ex. 1, § 6.4(b) ("Non-Competition and Non-Solicitation" provision expressly entered into "to protect the value of the Business acquired by [Acrisure] hereunder (including the goodwill inherent in the Business as of Closing)"). Any goodwill bargained for and transferred to Acrisure through Jacobi's purported share of restricted-stock interest in SWDS, has been fully recouped, multiple times over, by Acrisure since.

Meanwhile, the "Non-Solicitation" provision in the Employment Agreement targets Jacobi's fundamental right to pursue his profession in any form of competition

with Acrisure. See Chapin Decl., Ex. 2, § 12(d) (extending the restrictive covenants to inure to the benefit of, not just those entities that Acrisure acquired through the Acquisition, but *all* of Acrisure's "affiliates," defined as "all entities that control . . . [or] are controlled by . . . or are under common control with . . . Acrisure."). *To wit*, Section 12(b) of the Employment Agreement applies to any business in which Acrisure or "any of its subsidiaries" is doing or "proposes to" do business; sweeps in "any capacity that is the same, similar, or in any way related to" Jacobi's role; contains an "anti-circumvention" provision purporting to extend the prohibition globally via "remote means;" and grants no equivalent exemption to Jacobi. *Compare* Chapin Decl., Ex. 1, § 6.4(b), *with* Chapin Decl., Ex. 2, § 12(b).

The Employment Agreement's covenant thus "target[s] [Jacobi's] fundamental right to pursue his . . . profession" long after the protection of goodwill purpose of the Purchase Agreement covenant was satisfied, *Fillpoint*, 208 Cal.App.4th at 1183, and falls outside Section 16601 for the same reasons the *Fillpoint* court held the covenant at issue there did. Section 12(b) of the Employment Agreement is therefore void under Section 16600, and Jacobi is overwhelmingly likely to succeed on the merits of his claim that Acrisure cannot enforce it.

### B. Plaintiffs Will Suffer Irreparable Harm Without An Injunction

Plaintiffs need only show that irreparable harm is "likely," not certain. *Winter*, 555 U.S. at 22. Threatened enforcement of Acrisure's void restraints will inflict precisely the injuries the Ninth Circuit has long held irreparable: loss of relationships, loss of the ability to compete, damage to ongoing recruitment efforts, and reputational damage. *See Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (ongoing recruitment and advertising efforts and goodwill); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) (threatened loss of prospective customers and goodwill). The threat also chills Jacobi's statutory rights under Labor Code § 925 and Business and Professions Code §§ 16600 and 16600.5 to pursue his lawful profession, *see Edwards*, 44 Cal. 4th

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-28-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

at 946, and is neither speculative nor remote: Acrisure has filed at least seven enforcement actions against former California-based employees in less than 90 days in the Western District of Michigan and has refused to confirm it will not pursue Jacobi there as well. Chapin Decl., ¶¶7–8. Once Jacobi is forced into a Michigan forum under Michigan law, the protections of §§ 925 and 16600 will be lost.

### C. The Balance Of The Equities Tips Heavily In Plaintiffs' Favor

Courts weighing the equities "identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it," then weigh "the hardships of each party against one another." *Greater Las Vegas Short-Term Rental Ass'n v. Clark County*, 799 F. Supp. 3d 1133, 1143 (D. Nev. 2025). Plaintiffs' hardship is substantial, concrete, and largely irreparable: chilling of his statutory right to pursue his lawful profession, disruption of EPIC's business and its investment in onboarding him, and the threat of being forced to defend enforcement actions in Grand Rapids, Michigan, under Michigan law—the very harm § 925 was enacted to prevent.

Acrisure's side of the ledger is empty. An injunction will do no more than restrain it from enforcing provisions that are void under California law. Acrisure already received the full benefit of every legitimate competitive protection it negotiated through the bargained-for, three-year SPA covenant in Section 6.4(b), which Jacobi honored. See *Fillpoint*, 208 Cal.App.4th at 1183. The balance therefore "tips sharply" in Plaintiffs' favor. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### D. The Public Interest Supports An Injunction

An injunction will not merely be consistent with the public interest, it will vindicate it. *See, e.g., Lyon*, 2019 WL 1978802 at *9 ("[A]ny contract provision that runs afoul of Section 925 is contrary to California's strong public interest in protecting its employees. On that ground alone, the public policy interests relevant here weigh in support of preliminarily enjoining [the employer]."). California's "settled

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-29-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

legislative policy in favor of open competition and employee mobility" was codified more than 150 years ago and ensures that "every citizen shall retain the right to pursue any lawful employment and enterprise of their choice." *Edwards*, 44 Cal.4th at 946; *see also Hill Med. Corp.*, 86 Cal.App.4th at 903 (policy is "deeply rooted"). The 2023 amendments to Chapter 16600 confirmed that it is unlawful for an employer to require or "attempt to enforce" a void noncompete, Cal. Bus. & Prof. Code § 16600.5(b)–(c); that such conduct is a "civil violation," *id*. § 16600.5(d); and that a private right of action with mandatory fees is warranted, *id*. § 16600.5(e). Together with Labor Code § 925, these provisions reflect the considered legislative judgment that the public, not just the affected employee, is injured each time a void restraint is asserted against a California worker. *See DePuy*, 28 F.4th at 966; Karl, 2018 WL 5809428 at *7.

## V.   BOND SHOULD BE WAIVED OR MINIMAL

Under Federal Rule of Civil Procedure 65(c), the Court has wide discretion in setting a bond as a condition to preliminary injunctive relief, including discretion to set the bond at zero. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.") (emphasis in original) (quotations omitted).

Here, the facts support a waiver of the bond requirement. First, Plaintiffs have made an overwhelmingly strong showing that Jacobi has voided the "Applicable Law; Venue" provision under the express terms of Labor Code § 925, and the "Non-Solicitation" provision in Section 12(b) is void under Business and Professions Code §§ 16600 and 16600.5. Second, a substantial bond would frustrate the public-policy objectives of California law, which the Legislature has identified as warranting injunctive enforcement. See Cal. Bus. & Prof. Code § 16600.5(e). Third, there is no realistic likelihood of harm to Acrisure because the requested injunction will do no more than prevent Acrisure from enforcing provisions that are void as a matter of California law. Therefore, because Acrisure has no cognizable interest at stake, the bond "may be zero." *Connecticut Gen. Life Ins. v. New Images of Beverly Hills*, 321

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26

-30-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

F.3d 878, 882 (9th Cir. 2003).

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Application be granted.

Dated:  June 24, 2026_____         RUTAN & TUCKER, LLP
                                        BRADLEY A. CHAPIN
                                        MICHAEL MALAKOUTI

                                        By: /s/ BRADLEY A. CHAPIN
                                            Bradley A. Chapin
                                            Attorneys for Plaintiffs
                                            JOHN JACOBI and EDGEWOOD
                                            PARTNERS INSURANCE CENTER

Dated:  June 24, 2026_____         SMITH, GAMBRELL & RUSSELL LLP
                                        STEVEN D. PEARSON
                                        JOHNATHON C. KOECHLE
                                        ELENA M. SUCHARETZA

                                        By: /s/ STEVEN D. PEARSON
                                            Steven D. Pearson
                                            Attorneys for Plaintiffs
                                            JOHN JACOBI and EDGEWOOD
                                            PARTNERS INSURANCE CENTER

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                    -31-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs JOHN JACOBI and EDGEWOOD PARTNERS INSURANCE CENTER, certifies that this brief contains 6,998 words, which:

X complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated _____ [date].

Counsel relies on the word count of the word-processing application used to prepare the brief.

Dated:  June 24, 2026_____        RUTAN & TUCKER, LLP
                                        BRADLEY A. CHAPIN
                                        MICHAEL MALAKOUTI

                                        By:  /s/ BRADLEY A. CHAPIN
                                        _____
                                        Bradley A. Chapin
                                        Attorneys for Plaintiffs
                                        JOHN JACOBI and EDGEWOOD
                                        PARTNERS INSURANCE CENTER


Dated:  June 24, 2026_____        SMITH, GAMBRELL & RUSSELL LLP
                                        STEVEN D. PEARSON
                                        JOHNATHON C. KOECHLE
                                        ELENA M. SUCHARETZA

                                        By: /s/ STEVEN D. PEARSON
                                        _____
                                        Steven D. Pearson
                                        Attorneys for Plaintiffs
                                        JOHN JACOBI and EDGEWOOD
                                        PARTNERS INSURANCE CENTER

Rutan & Tucker, LLP
attorneys at law

2163/034863-0013
23950516.2 a06/24/26                    -32-

NOTICE AND APPLICATION FOR TRO AND
OSC RE ISSUANCE OF PRELIMINARY
INJUNCTION